```
JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
KEDAR S. BHATIA (Cal. Bar No. Pending)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4442
     E-mail:    kedar.bhatia@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

**FILED**
CLERK, U.S. DISTRICT COURT
JAN 31 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_rsm\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00074-MWF |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT PETER TRIPP AKEMANN |
| v. | |
| PETER TRIPP AKEMANN, | |
| Defendant. | |

1.  This constitutes the plea agreement between defendant Peter Tripp Akemann ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of a drone-aircraft colliding with a firefighting aircraft in the vicinity of the Palisades Fire on January 9, 2025. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:



      a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with unsafe operation of an unmanned aircraft, in violation of 18 U.S.C. § 39B(a)(2), (c)(1).

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

      h.    Agree to and not oppose the imposition of the following conditions of probation or supervised release: Defendant shall complete 150 hours of community service in support of the 2025 Southern California wildfire relief effort. The community service projects comprising such 150 hours shall be approved by the United States Probation and Pretrial Services Office.

   i. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

   j. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

   k. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

   l. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

   m. Regarding the abandonment of property:

    i. The abandonment to the United States of any interest of the defendant in the following: Components of a DJI Mini 3 Pro unmanned aircraft recovered from the Firefighting Aircraft, described below, on January 9, 2025 (the "Seized Property").

        ii. Agree that he is the sole owner of the Seized Property and that no other person or entity has an interest in the Seized Property.

        iii. Complete any legal documents (including, but not limited to, an FBI Waiver of Ownership Form, FD-1119) required for the transfer of title of the Seized Property to the United States.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, unsafe operation of an unmanned aircraft, in violation of Title 18, United States Code, Section 39B(a)(2), (c)(1), the following must be true:

    a. Defendant operated an unmanned aircraft;

    b. Defendant recklessly interfered with or disrupted the operation of a manned aircraft carrying one or more occupants operating in the special aircraft jurisdiction of the United States; and

1            c.   Defendant's interference was in a manner that posed an
2  imminent safety hazard to occupants of the manned aircraft.

                        PENALTIES AND RESTITUTION

4       5.   Defendant understands that the statutory maximum sentence
5  that the Court can impose for a violation of Title 18, United States
6  Code, Section 39B(a)(2), (c)(1), is: one year imprisonment; a one-
7  year period of supervised release; a fine of $100,000 or twice the
8  gross gain or gross loss resulting from the offense, whichever is
9  greatest; and a mandatory special assessment of $25.
10      6.   Defendant understands that defendant will be required to
11 pay full restitution to the victim(s) of the offense to which
12 defendant is pleading guilty. Defendant agrees that, in return for
13 the USAO's compliance with its obligations under this agreement, the
14 Court may order restitution to persons other than the victim(s) of
15 the offense to which defendant is pleading guilty and in amounts
16 greater than those alleged in the count to which defendant is
17 pleading guilty. In particular, defendant agrees that the Court may
18 order restitution to any victim of any of the following for any
19 losses suffered by that victim as a result of any relevant conduct,
20 as defined in U.S.S.G. § 1B1.3, in connection with the offense to
21 which defendant is pleading guilty. The parties currently believe
22 that the applicable amount of restitution is approximately
23 $65,169.55, but recognize and agree that this amount could change
24 based on facts that come to the attention of the parties prior to
25 sentencing.
26      7.   Defendant understands that supervised release is a period
27 of time following imprisonment during which defendant will be subject
28 to various restrictions and requirements. Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On January 9, 2025, in Los Angeles County, within the Central District of California, defendant operated and flew a DJI Mini 3 Pro unmanned aircraft (the "Drone") that recklessly interfered with and disrupted the operation of an aircraft carrying one or more occupants in a manner that posed an imminent safety hazard to such occupants.

Specifically, on January 9, 2025, a Government of Quebec Air Service Super Scooper (the "Firefighting Aircraft") was conducting aerial firefighting missions near the beach line at Pacific Coast Highway and the Santa Monica Pier in response to the Palisades Fire. There were two crewmembers inside the Firefighting Aircraft. At the time, defendant knew that the Palisades Fire was not contained and that various airplanes and possibly helicopters or other aerial assets were flying missions to actively combat the fire.

While the Firefighting Aircraft was conducting its firefighting missions, defendant drove to the area near the Third Street Promenade in Santa Monica, California, and parked his vehicle on the top floor of a parking structure. Defendant launched the Drone and flew it toward the Pacific Palisades to observe damage caused by the Palisades Fire. At the time, the Federal Aviation Administration had issued Temporary Flight Restrictions that prohibited drone operations near the Southern California wildfires, including the Palisades Fire.

Defendant flew the Drone at least 2500 meters away from its launch point and lost visual sight of the Drone while flying it. Thereafter, the Drone collided with the Firefighting Aircraft, causing an approximately 3-inch-by-6-inch hole in the left wing of Firefighting Aircraft. Defendant admits that his use and control of the drone recklessly interfered with, and disrupted the operation of the Firefighting Aircraft, and that such Drone operations posed an imminent safety hazard to occupants of the Firefighting Aircraft. Upon landing, maintenance personnel discovered that the left wing of the Firefighting Aircraft was damaged and the aircraft was taken out of service for a period of time.

At all relevant times on January 9, 2025, the Firefighting Aircraft was operating in the special aircraft jurisdiction of the United States. As a result of the Drone-Firefighting Aircraft collision, the Government of Quebec and an aircraft repair company incurred costs of at least $65,169.55 to repair the Firefighting Aircraft.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:        6        U.S.S.G. § 2X5.2

13. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, such as a departure pursuant to U.S.S.G. § 5K2.7 (Disruption of Governmental Function). Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

18. Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than the statutory maximum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $65,169.55; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

19. The USAO agrees that, provided all portions of the sentence are below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $65,169.55.

20. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the

11

applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

*/s/ Kedar S. Bhatia*                                  1/29/2025

KEDAR S. BHATIA                                        Date
IAN V. YANNIELLO
Assistant United States Attorneys

*/s/ Peter Akemann*                                    1/28/2025

PETER TRIPP AKEMANN                                    Date
Defendant

*/s/ Glen T. Jonas*                                    1/28/2025 1/28/2025

GLEN T. JONAS                                          Date
VICKI I. PODBERESKY
Attorneys for Defendant

15

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*Peter Akemann* (DocuSigned)     1/28/2025

PETER TRIPP AKEMANN              Date
Defendant

16

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am PETER TRIPP AKEMANN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

*Signed by:* [signature] 2BB478B5A679457...
*DocuSigned by:* Glen Jonas 6B4FA8E3191D467...

1/28/2025

GLEN T. JONAS
VICKI I. PODBERESKY
Attorney for Defendant

Date

17